# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILBERTO MELENDEZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:21-cv-0683-JDW |
| | : | |
| DETECTIVE ROBERT WHITEFORD, | : | |
| *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

Plaintiff Wilberto Melendez, a prisoner incarcerated at the Lancaster County Prison, brings this civil action pursuant to 42 U.S.C. § 1983 based on alleged constitutional violations stemming from his prosecution for witness intimidation and related offenses. For the following reasons, the Court will grant Melendez leave to proceed *in forma pauperis*, dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and deny without prejudice his motion for appointment of counsel as premature.

## I.  FACTUAL ALLEGATIONS

According to public dockets, Melendez has been incarcerated at the Lancaster County Prison without eligibility for bail since February 16, 2018, in connection with charges for homicide and related offenses that took place on October 27, 2017. *Commonwealth v. Melendez*, CP-36-CR-2279-2018 (Lancaster C.P.); *Commonwealth v. Melendez*, MJ-02201-CR-0000087-2018. Mr. Melendez alleges that on May 31, 2018, Detectives Nickles and Whiteford interviewed Israel Torruellas at the Lancaster County Prison, apparently in connection with their investigation of the homicide for which Mr. Melendez faces charges. Mr. Torruellas told the Detectives that on the date in question, he observed "Will Banks" (Mr. Melendez's alias) "playing peace maker

attempting to stop the argument." (ECF No. 2 at ¶ 16.) Mr. Torruellas also told the Detectives that someone other than Mr. Melendez shot the victim twice.

Later in the interview, Mr. Torruellas admitted to lying to the Detectives and claimed that Mr. Melendez offered him $20,000 and a Mercedes Benz S550 to lie to investigators and to testify on Mr. Melendez's behalf at trial. Mr. Torruellas also "allege[d] that Melendez intimidated him into telling this lie" and that Melendez "knows that the information he provided . . . was not true." (*Id.* at ¶ 17.) Based on that information, the Detectives filed a criminal complaint against Melendez charging him with intimidating a witness, soliciting a witness or informant to take a bribe, and solicitation of perjury.

Mr. Melendez alleges that at a trial on those charges, Assistant District Attorneys Travis Anderson and Jared Hinsly "caused a mistrial intentionally" because they had a weak case. (*Id.* at ¶ 19.) Mr. Melendez alleges that during Mr. Torruellas's testimony, Mr. Anderson elicited testimony to cause a mistrial and that Mr. Torruellas was "used as a tactical tool for the prosecution." (*Id.* at ¶ 20.) The charges against Mr. Melendez based on Mr. Torruellas's statements were dismissed. However, the homicide and related charges against Melendez remain pending. *See Commonwealth v. Melendez*, CP-36-CR-2279-2018 (Lancaster C.P.).

Mr. Melendez filed this action on February 3, 2021, seeking leave to proceed *in forma pauperis* and asking for the appointment of counsel. In his Complaint, Mr. Melendez claims that Assistant District Attorneys Anderson and Hinsly interfered with his right to a fair trial and maliciously prosecuted him to obtain his wrongful conviction. He alleges that Defendants Whiteford and Nickles charged him without probable cause by disregarding physical evidence that proved that Mr. Torruellas's statement was false. (*Id.* at ¶ 22.) He claims that the City of Lancaster is responsible for failing to train, supervise, reprimand and/or investigate Detectives Nickles and

Whiteford "and for it's [sic] customs policies and/or practices, and under the Pennsylvania Tort Claims Act for damages under a theory of Respondent [sic] Superior." (*Id.* at ¶ 24.) Mr. Melendez reiterates the same basis for liability against the County of Lancaster in connection with the actions of Mr. Anderson and Mr. Hinsly.

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the Court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the Court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). Because Mr. Blakey is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Leave To Proceed *In Forma Pauperis*

Mr. Melendez has completed the form provided on the Court's website for applications to proceed *in forma pauperis*; he has attested under penalty of perjury that he cannot afford to pay the filing fees; and he has provided a copy of his Prisoner Trust Fund account statement. That information demonstrates that Mr. Blakey lacks the income or assets to pay the required filing fees. The Court will grant him lave to proceed *in forma pauperis*, though he will still have to pay

the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

### A. Plausibility Of The Complaint

#### 1. Claims against Assistant District Attorneys Anderson and Hinsly

Prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This immunity covers claims based on soliciting false testimony at hearings and presenting evidence at trial. *See Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Mr. Melendez's claims against Mr. Anderson and Mr. Hinsley stem from the way they questioned a witness at Mr. Melendez's trial. Prosecutorial immunity bars those claims. The Court will dismiss those claims with prejudice.

#### 2. Claims against Detectives Whiteford and Nickles

A plaintiff asserting a malicious prosecution claim must allege that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). "Probable cause exists if there is a fair probability that the person committed the crime at issue." *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (internal quotations omitted). Detectives Whiteford and Nickles initiated a criminal proceeding by filing a criminal complaint against Mr. Melendez, and those claims ended in Mr. Melendez's favor. But Mr. Melendez has not alleged that the Detectives initiated the proceeding

4

without probable cause. He also has not alleged, and cannot allege, that he suffered a deprivation of liberty.

*First*, Mr. Melendez has not alleged facts to establish a lack of probable cause. According to Mr. Melendez, Mr. Torruellas told Detectives Whiteford and Nickles that Mr. Melendez acted as a peacemaker on the date of the homicide and that someone else shot the victim. Mr. Torrellas recanted that statement, telling the detectives that Mr. Melendez induced and "intimidated" him to tell this lie to investigators and to testify as such trial by offering him $20,000 and a car. (*Id.*) Mr. Torruellas's statements provided probable cause for the charges that Detectives Whiteford and Nickles filed against Mr. Melendez. Although Mr. Melendez alleges that the Detectives knew Mr. Torruellas's statements were false "due to physical evidence" they disregarded (*id.* at 11), he does not describe or explain that physical evidence or explain how it disproves probable cause. In other words, Mr. Melendez has not alleged sufficient facts from which the Court could plausibly infer that probable cause was lacking for the charges filed against him.

*Second*, Mr. Melendez has not suffered a deprivation of liberty as a consequence of the charges that Detectives Whiteford and Nickles filed. Mr. Melendez was already incarcerated at the time the Detectives filed the charges against him, and he has remained incarcerated even after the charges were dismissed. The charges did not cause him a deprivation of liberty because his "liberty had already been deprived." *Curry v. Yachera*, 835 F.3d 373, 380 (3d Cir. 2016); *see also Gray v. Wittman*, 839 F. App'x 669, 671 (3d Cir. 2021) (*per curiam*) (affirming dismissal of malicious prosecution claims where plaintiff "suffered no deprivation of liberty; he was already incarcerated and would have been detained on the other counts of conviction in any event"). Because Mr. Melendez cannot cure this flaw, the Court will dismiss his claims against Detectives Whiteford and Nickles with prejudice.

5

### 3. Claims against the City and County of Lancaster

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). In addition, a claim against an official in his official capacity is the same as a claim against the entity that employs the official. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). Mr. Melendez's claims against the individual Defendants in their official capacities are therefore the same as his claims against the City and County of Lancaster.

"To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the Defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (internal quotations omitted).

Mr. Melendez's allegations parrot the standards for municipal liability, but he does not identify a municipal policy or custom that caused the alleged constitutional violations in this case. Nor does he describe a pattern of constitutional violations or an obvious need for training or supervision that supports a plausible inference of deliberate indifference on behalf of the County or City of Lancaster. Furthermore, Mr. Melendez's claims against the City of Lancaster, which are predicated on the conduct of Detectives Whiteford and Nickles, fail for the additional reason: Mr. Melendez has not plausibly alleged an underlying constitutional violation that the Detectives committed by filing the charges against him. *See Grazier ex rel. White v. City of Philadelphia*, 328 F.3d 120, 124 (3d Cir. 2003) ("[M]unicipal liability will only lie where municipal action actually caused an injury."); *see also Peters v. Brown*, 793 F. App'x 118, 124 (3d Cir. 2019) (*per curiam*) ("The municipal liability claim against Jefferson County necessarily fails because a municipal policy, practice or procedure could not have caused an employee to violate Peters' civil

rights if there was no underlying constitutional violation by Officer Spader."). In sum, Mr. Melendez has not stated a plausible § 1983 claim against either of the municipal defendants.

## IV. CONCLUSION

The Court will grant Mr. Melendez leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Melendez may file an amended complaint as to his claims against the County of Lancaster only, and only if he can do so consistent with the analysis in the Memorandum. The Court will dismiss the remaining claims with prejudice because the Court concludes that Mr. Melendez cannot cure the defects in those claims, so any amendment would be futile. The Court also denies Mr. Melendez's motion for appointment of counsel as premature. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

**May 7, 2021**